IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 19-2216-RGA |
| MYLAN PHARMACEUTICALS, INC., | : : : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

In my experience, corporate parties in complex litigation generally prefer to litigate in secret. To that end, discovery is over-designated as being confidential, pleadings and briefs are filed under seal, redacted versions of sealed documents are over-redacted, requests are made to seal portions of transcripts of judicial proceedings, and parties want to close the courtroom during testimony. I have tried over the years to reign these tendencies in, but it is difficult because there is usually no one opposing whatever requests are made, and I do not have time to be independently monitoring any of these tendencies unless they are directly requested of me (i.e., requests to close the courtroom and to seal judicial transcripts). I have made some efforts on the requests that are specifically directed to me. I think some of those efforts have resulted in greater exercise of discretion by the parties in asking to have judicial transcripts sealed and in seeking to close the courtroom, but I do not see any impact on any of the other areas of potential abuse.

I have a motion in front of me that illustrates the problem. Plaintiff filed an "expedited motion for confidential treatment of certain filings." (D.I. 1). It sought to have the complaint and twenty-six exhibits filed under seal. (*Id.*). The motion, which was not filed under seal, explained that the complaint describes "highly confidential information" relating to a settlement agreement and a license agreement arising out of prior litigation in this Court, *Takeda v. Mylan*, Civ. Act. No. 16-987-RGA, and a case between the same parties in the Northern District of West Virginia. (*Id.* at 2). I took no action, and in due course the redacted version of the complaint and the exhibits was filed. (D.I. 20). Thus, I now have the before and the after.

A recent Third Circuit case sets forth the standard for considering the issues raised by Plaintiff's motion. "[A] common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019). The common law right of access clearly attaches to pleadings such as complaints. It is not an absolute right, however. When a party wants to overcome that right (such as by filing redacted versions of pleadings), it must show "that the [redacted] material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* To overcome the "strong presumption of openness," the court is supposed to articulate "compelling, countervailing interests to be protected." *Id.* The court is supposed to make "specific findings on the record concerning the effects of disclosure." *Id.* The court is supposed to "conduct a document-by-document review of the contents of challenged documents." *Id.* at 673. In cases like *Avandia*, there is a third party that seeks access to the challenged documents, which is not the case here. The courts of appeals perhaps do not have as much opportunity to instruct on what a trial court should be doing when no party is advocating for openness. Nevertheless, it seems to me that courts should at least address access concerns when they come to the court's attention.

This is a somewhat unusual case, in that the litigation grows out of earlier litigation in this court. Most of the redactions were matters that were publicly disclosed in the earlier case. For example, in the earlier case, the complaint disclosed when Mylan notified Takeda of its submission of the Mylan ANDA to the FDA (No. 16-987-RGA, D.I. 1 at ¶ 39), but the same information is redacted here. (*See* D.I. 1 & D.I. 20 at ¶ 46). As disclosed in the motion, there was a settlement and license agreement, which is also disclosed in the docket of the earlier case. (*See* No. 16-987-RGA at D.I. 68 at 1 ("a definitive Settlement Agreement and License Agreement executed by Takeda and Mylan on November 7, 2017")). While the existence of a "2017 Settlement Agreement and License Agreement" is disclosed in the breach of license agreement count of the complaint, at other portions reference to the same information is completely redacted (*see* D.I. 1 & D.I. 20 at n.1; ¶ 51), or over-redacted.[1] The complaint redacts the various allegations that "on information and belief" Mylan is preparing to launch and taking contracts for its generic product. This is certainly not Takeda's confidential information, but it is nevertheless redacted. (*See* D.I. 1 & D.I. 20 at ¶¶ 13, 14; *see also id.* at ¶ 187). It is hard to imagine that information that Takeda obtained about what it thinks Mylan is doing is Mylan's confidential information. An entire paragraph lists the nine or ten other generics with whom Takeda has settled. (D.I. 1 & D.I. 20 at ¶ 61). One such company identified in that paragraph is "Granules Pharmaceuticals Inc." The fact that Takeda has settled with Granules and taken a license is not a secret. It is listed on the docket of *Takeda v. Granules*, No. 17-1019 at D.I. 16

---

[1] By "over-redacted," I mean that information in the settlement agreement and/or license agreement that could not possibly be considered important confidential information that would cause any harm to either Takeda or Mylan, if publicly disclosed, was nonetheless redacted. For example, allegations that Mylan consented to jurisdiction and venue in this District were redacted. (*See* D.I. 1 & D.I. 20 at ¶¶ 7-8). Allegations that Mylan agreed pursuant to the license agreement "not to challenge the infringement, validity, and enforceability" of various asserted patents are repeatedly redacted in full. (*See* D.I. 1 & D.I. 20 at ¶¶ 102, 107, 112, 117, 122, 127, 132, 137, 142, 147, 152, 157, 162, 167, 172, 177, 181). An allegation that as part of the settlement agreement the parties agreed that Takeda would dismiss its pending lawsuit is redacted. (*See* D.I. 1 & D.I. 20 at ¶ 52).

(D.Del.). I expect that is the case for at least some of the other generics. The settlement agreement and the license agreement provided for Mylan's generic entry at a point in the future, which the complaint refers to as the "Generic Entry Date." That a license agreement in ANDA litigation which requires FTC and USDOJ approval (No. 16-987-RGA, D.I. 68) provides for a delayed generic entry date can hardly be confidential, although the exact date would be confidential to Takeda and probably to Mylan.

In my opinion, the only matters disclosed in the complaint that are actually highly confidential trade secrets are the dates related to the "Generic Entry Date," which appear to me to be limited to at most specific dates or time spans that are mentioned in ¶¶ 53, 54, 55, and 56, all of which would disclose specific relevant dates in relation to the Generic Entry Date. Nothing else that is disclosed will work a clearly-defined and serious injury to either Takeda or Mylan. Thus, I direct that Plaintiff file, by the close of business on December 20, 2019, a redacted version of the Complaint that limits the redactions to the dates and units of time mentioned in paragraphs 53, 54, 55, and 56, and to nothing more.[2] Further, given the parties' behavior to date, **no further filings may be made under seal in this case unless contemporaneously accompanied by the proposed redacted version and a detailed affidavit of the filing party that meets the *Avandia* standard for sealing court filings**.

Thus, this 19 day of December 2019, the motion for confidential treatment (D.I. 1) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

United States District Judge

---

[2] At this time, I do not disturb any redactions made to the exhibits to D.I. 1, but I do direct that Plaintiff review its opening brief (D.I. 13) and submit a revised version in accordance with what I have said in this Memorandum Order.