

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

November 12, 2021

**VIA CM/ECF**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

      Re:    *Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") v. Mylan Pharmaceuticals Inc. ("MPI")*, **C.A. No. 19-2216-RGA (D. Del.)**

Dear Judge Andrews:

      This firm represents MPI in connection with the above-referenced action. In accordance with the Court's request, we respectfully submit this letter to address a dispute between the parties concerning the deposition of non-party Sami Sedghani. The Scheduling Order in this matter specifically contemplates that remote depositions may be warranted.[1] Although Mr. Sedghani has agreed to sit for a remote deposition on November 19, 2021, Takeda is refusing to proceed in that format, instead insisting that counsel for both parties fly across the country during a pandemic and sit in a room with the witness, a court reporter, and a videographer so that the deposition can be conducted in person. Takeda's demand that the deposition proceed in person rather than remotely should be rejected.[2]

      As the Court no doubt is aware, our country – and the world at large – continues to struggle with the COVID pandemic. Mr. Sedghani, who lives in California where he works as a lawyer, is the father of two young children, neither of whom has been vaccinated. In order to protect himself and his family, and consistent with protocols that have been adopted throughout the country, Mr. Sedghani has been conducting all depositions remotely since the inception of the pandemic in March 2020. For this reason, Mr. Sedghani is extremely comfortable with and experienced in remote depositions. Counsel for both parties are also experienced in conducting

---

[1] *See* Scheduling Order (D.I. 168), Section 3(e)(ii) ("The parties shall work together to determine the location of depositions, **including whether any depositions shall be conducted remotely**.") (emphasis added).

[2] Although the schedule so ordered by the Court (D. I. 198) in this matter sets November 19, 2021 as the final day of fact discovery, the parties have agreed to extend the fact discovery deadline to accommodate the schedules of the various deponents. The parties expect to submit a stipulation to the Court memorializing this agreement shortly.

The Honorable Richard G. Andrews
Page 2



remote depositions, having participated in such depositions throughout the pandemic. Indeed, when counsel for MPI offered to provide suggestions for remote deposition platforms that they have successfully used to conduct remote depositions, counsel for Takeda responded that they have their own preferred platforms with which they are familiar. Under these circumstances, there is simply no reason for individuals – including those with young children – to fly across the country and convene in person when the deposition can readily be taken utilizing one of the remote platforms designed specifically for this purpose. In fact, for these reasons, MPI plans to take its depositions remotely, including the depositions of Takeda's non-party witnesses located in California.

Conducting the deposition remotely is also warranted given that Mr. Sedghani is a non-party who works as a solo practitioner. Requiring Mr. Sedghani to appear at a location outside of his office for a full day limits his availability to deal with urgent client matters during breaks should such matters arise. It also requires additional travel time to and from the location (which Takeda has yet to specify), time for which he would not be compensated. Imposing such burdens on Mr. Sedghani when he can easily be deposed remotely is unnecessary and unjustified.

Notably, Takeda has offered no legitimate reason why Mr. Sedghani's deposition cannot be conducted remotely. During the parties' meet-and-confer process, Takeda suggested that an in-person deposition is preferable for assessing credibility and observing body language. But this is not trial or hearing testimony, where a fact finder might be called upon to evaluate a witness's credibility. It is a deposition. Moreover, Takeda has indicated it may videotape the deposition, thus enabling Takeda to closely review the deposition post-facto should it wish to observe the witness more closely. By contrast, an in-person deposition would have to be conducted with appropriate social distancing precautions, necessarily increasing the distance between questioner and witness. The only other reason provided by Takeda as to why the deposition should not be remote was a vague reference to potential "technical problems." During the parties' meet-and-confers, however, counsel for Takeda confirmed they have preferred platforms that they have used to successfully conduct remote depositions. And, should they wish, counsel for Takeda is free to send a binder of hard copy exhibits to the witness in advance of the deposition, which would remain sealed until the beginning of the deposition and which would be consulted only as a particular exhibit is called upon by the questioner.

In sum, given that all participants – including counsel for both sides and the non-party witness – are experienced with remote depositions, there is no reason to incur the risks and burdens that would be incurred should the parties be compelled to convene in California for an in-person deposition. We therefore respectfully request that Takeda's demand for an in-person deposition of Mr. Sedghani be denied, and that the deposition proceed remotely on November 19, 2021, as agreed to by the witness.

The Honorable Richard G. Andrews  
Page 3



              Respectfully,

              */s/ Kenneth L. Dorsney*

              Kenneth L. Dorsney (#3726)

cc:  all counsel of record via efiling