IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC., <br><br> Defendant. | Civil Action No. 19-2216-RGA |

MISCELLANEOUS ORDER

Plaintiff filed a motion to strike portions of a damages expert's expert report. (D.I. 347). Plaintiff filed an opening brief; Defendant filed an answering brief. Plaintiff followed with a reply brief. With the reply brief, Plaintiff filed three exhibits. Exhibit 11 was a 360-page deposition of a Rule 30(b)(6) witness of Defendant. (D.I. 360-2). Exhibit 12 was a 130-page deposition of a second Rule 30(b)(6) witness of Defendant. (D.I. 360-3). Exhibit 13 was 26 pages of billing records of Gleason IP. (D.I. 360-4). Exhibits 11, 12, and 13 were all filed under seal.

The reply brief cited pages 50, 51, 76, 77, 109, and 110 of Exhibit 11. (D.I. 359 at 3, 5-6). The reply brief cited page 97 of Exhibit 12. (*Id.* at 7). The reply brief cited one page of the billing records to show the date that the expert started working on the case. (*Id.* at 8, 9).

Subsequently, Plaintiff filed a redacted version of the exhibits as part of D.I. 372. Almost everything other than the material on the cited pages was completely redacted. One of Defendant's counsel submitted a declaration complaining about the submission of so much "Outside Counsel Only" information when so little was actually relied upon in the brief. (D.I. 373 ¶¶ 6-9). I then entered the following order:

| 12/20/2024 | 374 | ORAL ORDER: Takeda is ordered to show cause why the Court should not strike Exhibits 11, 12, and 13 to Takedas declaration at D.I. 360. Takeda has submitted roughly 500 pages of deposition transcripts and 26 pages of monthly invoices but cites only a miniscule number of those pages in its briefing. At least 350 pages of the depositions were designated "Outside Counsel Only." There does not appear to be any reason that Takeda could not have filed the cited transcript pages and maybe a few other pages (such as cover page, or pages showing who the witness is or pages immediately before the cited pages if necessary to understand the cited pages), thus avoiding the necessity to seal and redact great quantities of irrelevant but confidential information. Takeda is ordered to respond by January 3, 2025. |

I received three submissions. (D.I. 376, D.I. 377, D.I. 378). In relevant part, Plaintiff said there was no rule prohibiting what Plaintiff did, and some judges prefer to get complete depositions, etc. But I think Delaware does have a relevant Local Rule—Rule 5.4(b)(3), which states, in part, "If depositions . . . are necessary to a pretrial . . . motion, the verbatim portions thereof considered pertinent by the parties shall be filed with the Court when relied upon." Some cases may require some judgment at the margins in deciding what is "pertinent." Plaintiff's decision to file the entirety of the two depositions and the twenty-six pages of the billing records is not in compliance with the Local Rule. The great bulk of the filings are clearly "not pertinent" to the motion to strike the expert report. Thus, they should not have been filed the way Plaintiff filed them.

Exhibits 11, 12, and 13 are STRUCK. Plaintiff may refile such portions of the struck exhibits as are "pertinent" to the motion under consideration.

IT IS SO ORDERED this 14th day of January 2025.

United States District Judge