

faegredrinker.com

**Francis DiGiovanni**
Partner
francis.digiovanni@faegredrinker.com
302-467-4266 direct

Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
+1 302 467 4200 main
+1 302 467 4201 fax

January 30, 2025

**VIA CM/ECF**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:   *Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, C.A. No. 19-2216-RGA

Dear Judge Andrews:

Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") respectfully submits this letter in response to Mylan Pharmaceuticals, Inc.'s ("Mylan") letter (D.I. 392) ("Mylan's Letter"). For the following reasons, Takeda's Motion for Summary Judgment of No Damages and supporting documents (D.I. 383-385) (collectively "Takeda's Motion") were entirely proper, and the Court should consider them on the merits. Mylan's arguments to the contrary lack merit.[1]

*First*, contrary to Mylan's arguments, Takeda's Motion is fully consistent with the Scheduling Order. Mylan seizes on language in the Scheduling Order stating that "[t]he only relevant case dispositive motions concern liability, and no further discovery is needed in that regard." D.I. 268 ¶ 5. But that paragraph is in reference to the briefing schedule for the parties' cross-motions for summary judgment on *liability* specifically. Moreover, the statement is unsurprising, given the parties' agreement that discovery was needed on the issue of damages. *See* D.I. 266 at 3 (Takeda's scheduling proposal that sought a stay of damages discovery while motions for summary judgment on liability were pending); D.I. 267 at 2 (Mylan's proposal arguing that "bifurcating liability and damages for MPI's counterclaims raises the possibility of dispositive briefing on liability now and further briefing on damages issues at the conclusion of discovery"). Ultimately, the Court adopted a middle-ground approach: It ordered the parties to file motions for summary judgment on liability immediately, but required that the parties simultaneously conduct discovery on damages. D.I. 268. Nothing in the Scheduling Order prohibited Takeda from filing a motion for summary judgment on damages. "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Because neither the Local Rules nor the Court's Scheduling Order prohibits motions for summary judgment on damages, Takeda's Motion was permitted under Rule 56(b). *Cf. Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) (recognizing, in the context of Rule 54(d)(1), that "[a] statute 'provides otherwise' than Rule 54(d)(1) if it is 'contrary' to the Rule"). Because the Court's Scheduling Order is not contrary to

---

[1] Mylan's letter request is also deficient under the Local Rules. In Mylan's own words, urged to the Court in this case, "Local Rule 7.1.2(a) is clear that 'all requests for relief shall be presented to the Court by motion[.]'" D.I. 249 at 2.

The Honorable Judge Andrews  Page 2
January 30, 2025

Federal Rule of Civil Procedure 56(b), the Scheduling Order does not "order[] otherwise." Rule 56(b) provides for summary judgment motions until 30 days after the close of discovery, whereas the Court's Scheduling Order addresses summary judgment motions on liability—which the parties agreed (and the Court accepted) did not require further discovery. Tellingly, Mylan's Letter is completely silent about Rule 56(b), even though Takeda invoked that Rule during the Court's discovery conference when it informed the Court that it likely would be filing a motion for summary judgment on damages. D.I. 344 at 4:18-20.

Even Mylan, in its letter, cannot bring itself to argue that the Court's Scheduling Order prohibits motions for summary judgment on damages. Rather, Mylan argues that Takeda's motion for summary judgment was brought "outside the Court's scheduled case dispositive window." Mylan's Letter at 1. This argument makes no sense. The Scheduling Order set a schedule specific to motions for summary judgment on liability, given that the parties agreed that no further discovery was needed on liability. The Scheduling Order did not purport to require summary judgment motions on damages when damages discovery was at its outset. Rather, the Scheduling Order did not address summary judgment motions on damages at all. Therefore, the default rule (Fed. R. Civ. P. 56(b)) applies.

Under similar circumstances, the Fourth Circuit found a subsequent motion for summary judgment to be proper. *Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.*, 187 F.3d 415, 418-19 (4th Cir. 1999). There, the district court ruled on a motion for summary judgment on liability, and a schedule was then set for damages discovery. *Id.* The schedule did not provide for summary judgment motions on damages, but one party subsequently filed a motion for summary judgment on damages. *Id.* The Fourth Circuit held that the subsequent motion for summary judgment was proper under the Federal Rules and that the motion was therefore properly considered, even though the scheduling order did not provide for a subsequent motion for summary judgment. *Id.* Indeed, "allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial." *Young v. Pleasant Valley Sch. Dist.*, No. 3:07-cv-00854, 2013 WL 1856573, at *2 (M.D. Pa. May 2, 2013) (citing *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010)); *Flynn v. Dep't of Corrections*, 739 F. App'x 132, 139 (3d Cir. 2018) (nonprecedential) (recognizing the propriety of entertaining subsequent motion for summary judgment and citing *Hoffman* and Fed. R. Civ. P. 1); Fed. R. Civ. P. 1 (providing that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Other courts have similarly rejected the notion that subsequent motions for summary judgment are improper. *See Porter v. Yuba City Police Officers*, No. 2:20-cv-01554-KJM-DB, 2023 WL 144268, at *3 (E.D. Cal. Jan. 10, 2023) (denying motion to strike a subsequent motion for summary judgment, recognizing that Rule 56 does not limit the number of summary judgment motions that may be filed, and finding it proper to move for summary judgment on issues that came to light after the first summary judgment motion); *Hamilton v. Oswego Comm'ty Unit Sch. Dist. 308*, No. 20 C 0292, 2021 WL 767619, at *11 (N.D. Ill. Feb. 26, 2021) (allowing an early motion for summary judgment on a punitive-damages issue but recognizing, under Rule 56(b), that "[a]n early motion for summary judgment on this issue will not preclude Defendants from filing another motion for summary judgment on other issues later in the case"); *Troche v. Bimbo Foods Bakeries Distrib., Inc.*, No. 3:11-cv-234-RJC-DSC, 2016 WL 5417203, at *2 (W.D.N.C. Sept. 27, 2016) (rejecting an argument that summary judgment practice in the first phase of a case precluded additional summary judgment practice on damages in the second phase, and addressing the second-phase

motion on the merits); *Stinson v. Receivables Mgmt. Bureau Inc.*, 2:12–cv–02558–AK, 2013 WL 1278966, at *3 (N.D. Ala. Mar. 26, 2013) (recognizing that "nothing in Rule 56 prohibits the court from reviewing a second motion for summary judgment" and citing Rule 56(b)). Takeda understands that Mylan might prefer to prevent the Court from addressing the multiple reasons why its damages theories fail as a matter of law. But it promotes neither judicial efficiency nor the preservation of resources to wait until a jury is empaneled to decide these pure questions of law.

*Second*, if there were any doubt (which there should not be) that Takeda's Motion is permissible, the transcript of the October 8, 2024 discovery conference dispels it. During that conference, the Court acknowledged the pending motions for summary judgment on liability, and *sua sponte* inquired whether the parties would be filing more motions for summary judgment after the close of expert discovery on damages. D.I. 344 at 3:17-22. Takeda responded that it might file an additional motion for summary judgment. D.I. 344 at 4:1-4. Mylan responded with its view that there is not "anything in the Scheduling Order about another round of motions." D.I. 344: at 4:12-14. Takeda responded by citing Rule 56(b), explained that the motions for summary judgment on liability were geared toward determining "whether there was a case to even conduct" damages discovery, and noted that "now that we've done the damage discovery, . . . that's raised additional issues with respect to whether you can summarily get rid of that as well." D.I. 344 at 4:24-5:4. The Court responded by saying, in relevant part, "[A]ll right. I think I got that." D.I. 344 at 5:5-7. At no point was it suggested that Takeda's proposed motion would violate the Scheduling Order, nor that leave of Court would be required before filing. Indeed, as Mylan correctly noted at the hearing, the Scheduling Order is silent as to motions for summary judgment on damages. Because the Scheduling Order and the Local Rules say nothing about the issue, Rule 56(b) permitted Takeda's Motion. Had Mylan sought to avoid further summary judgment practice, it should have approached the Court promptly after the discovery conference—not after Takeda's Motion was filed.

*Third*, Mylan's suggestion that Takeda should have raised the issue of motions for **summary judgment** during a meet and confer about **Daubert** motions (D.I. 392 at 1) is meritless. The Scheduling Order required the parties to confer about *Daubert* motions, not about summary judgment motions. D.I. 268 at 2 n.1. The parties did so and submitted stipulations in accordance with the Scheduling Order. Indeed, the parties' meet-and-confers about *Daubert* motions tracks the Local Rules, which require the parties to meet and confer before nondispositive motions such as *Daubert* motions are filed, but do not require a meet and confer before the filing of dispositive motions such as motions for summary judgment. L.R. 7.1.1.

*Fourth*, there is good cause to permit the filing of Takeda's Motion. Therefore, if the Court concludes (which it should not, for the reasons above) that leave of Court was required to file Takeda's Motion, Takeda respectfully requests that leave be granted.[2] Damages discovery—coupled with this Court's ruling on the parties' cross-motions for summary judgment on liability—revealed that Mylan has no evidence of cognizable damages as a matter of law. This Court made

---

[2] Counsel for all parties, including Delaware counsel, met and conferred on January 28, 2025. Takeda expressed its position that leave was not required in view of Fed. R. Civ. P. 56, the Scheduling Order, and the October 8th transcript, but asked Mylan whether it would consent to such leave. Counsel for Mylan did not agree to the provisional relief sought.

The Honorable Judge Andrews  Page 4
January 30, 2025

clear on summary judgment that Takeda's only breach of contract was its inclusion of patent infringement claims in its Complaint, but that Takeda's breach-of-contract claim did not violate the License Agreement. D.I. 366 at 9 ("Takeda could have brought a breach of contract claim or otherwise sought to enforce the Agreement without even arguably breaching § 1.7 of the Agreement."); D.I. 366 at 12 (recognizing "the specificity with which § 1.7 is written—barring only patent infringement claims, and only in the absence of a material breach"). Yet Mylan has adduced no evidence whatsoever that Takeda's patent infringement claims were the but-for cause of any of Mylan's claimed damages. Mylan's damages theories suffer from other legal defects as well, as outlined in detail in Takeda's Motion. For instance, Mylan's claimed lost profits at most constitute consequential damages that are not cognizable under Delaware law. Moreover, some of the time periods for which Mylan claims profits are periods of time during which Mylan had voluntarily ceased sales, and periods during which Mylan—contrary to federal law—is seeking damages for a wrongful injunction. These are pure questions of law, and it would be wasteful and an inefficient use of judicial, party, and public resources to impanel a jury to hear a case that turns entirely on matters of law for the Court. Indeed, as Mylan itself recognized in its *Daubert* brief, "the proper mechanism" for raising legal issues "is with the Court[.]" D.I. 390 at 12. That is precisely what Takeda did in Takeda's Motion. Accordingly, although Takeda does not believe that leave of Court was required to file Takeda's Motion, Takeda respectfully requests that leave be granted if the Court concludes otherwise. This Court has granted leave to file summary judgment when there is a legal issue that would beneficially be decided before trial. *See, e.g., Hartford Fire Ins. Co. v. InterDigital Commc'ns Corp.*, No. CV 06-422-JJF, 2007 WL 9811144, at *4 (D. Del. Nov. 29, 2007) ("Because the Court concludes that the issue of Hartford's duty to defend is a legal question appropriate for summary judgment, the Court will grant Interdigital's Motion for Leave to File for Partial Summary Judgment []."); *Reckitt Benckiser LLC v. Aurobindo Pharma Ltd.*, 239 F. Supp. 3d 822, 824 (D. Del. 2017) ("In light of that claim construction, the Court granted Aurobindo's motion for leave to file a motion for summary judgment of non-infringement.") (*see also* D.I. 138, Oral Order [Exhibit A hereto], granting leave in an ANDA case). Such is the case here. If the Court elects to consider Mylan's Letter, Takeda respectfully requests that the Court consider the present request in this letter as well. Alternatively, if the Court deems it necessary, Takeda stands ready to file a formal motion for leave.

In sum, Takeda respectfully requests that the Court reject Mylan's arguments and consider Takeda's Motion on the merits.

Respectfully submitted,

*/s/ Francis DiGiovanni*

Francis DiGiovanni

FD/cec
Encl.
cc:  Clerk of the Court (via ECF)
     Counsel of Record (via ECF)